NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0766n.06

No. 12-6593

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Aug 16, 2013
DEBORAH S. HUNT, Clerk

FISH FARMS PARTNERSHIP,                )
                                       )
    Plaintiff-Appellant,               )
                                       )
    v.                                 )
                                       )
WINSTON-WEAVER CO., INC.,              )
                                       )
    Defendant-Appellee.                )
                                       )

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE

BEFORE: ROGERS and COOK, Circuit Judges, and VAN TATENHOVE, District Judge.[*]

ROGERS, Circuit Judge. Fish Farms Partnership operates a large tomato farm in Newport, Tennessee. The partnership consisted of brothers Larry and Jimmy Fish, until Larry died in 2010. In 2009, the partnership filed suit against Winston-Weaver Co., Inc., and Crop Production Services, Inc., in the Eastern District of Tennessee, seeking "monetary damages for defective fertilizer which severely harmed tomato plants owned by [Fish Farms], in turn damaging [Fish Farms'] commercial tomato farming business" during the 2008 growing season because the plants produced "substantially less fruit than expected." R.27 at 1, 6, PageID #209, 214. Crop Production Services was eventually dismissed from the case by stipulation, and on November 20, 2012, the district court granted summary judgment to Winston-Weaver, the fertilizer manufacturer, on the remaining claims. The

---

[*]The Honorable Gregory F. Van Tatenhove, United States District Judge for the Eastern District of Kentucky, sitting by designation.

court concluded that Fish Farms failed to produce admissible evidence creating a genuine issue of material fact that Fish Farms actually suffered the harm it alleged. Despite expert testimony that excess nitrogen caused excessive vegetative growth and flower abortion, Fish Farms produced no admissible evidence of such symptoms in its plants—rather, the only evidence of actual damage that was proffered was to the effect that the farm's plants were drying out and dying.

Having carefully considered the record on appeal, the briefs of the parties, and the applicable law, we are not persuaded that the district court erred in granting summary judgment to Winston-Weaver on all of Fish Farms' claims. Because the reasoning that supports the grant of summary judgment has been articulated by the district court, the issuance of a detailed written opinion by this court would be duplicative and serve no useful purpose. Accordingly, the judgment of the district court is affirmed upon the reasoning employed by that court in its Order dated November 20, 2012.

In doing so, we reject Fish Farms' assertion that the district court contravened or disregarded the Magistrate Judge's October 23, 2012 order denying Winston-Weaver's motion to exclude the testimony of Fish Farms' expert witness, Dr. Harry Mills. This assertion is inconsistent with the district court's actual opinion, in which the court distinguished the proper function of Dr. Mills's testimony as evidence that could go to the issue of causation, i.e., whether "high levels of nitrogen *can cause* excessive leafing and diminished fruit production in tomato plants," but not as evidence of damage, i.e., "whether plaintiff's tomato crop *actually suffered* excessive leafing and diminished fruit production." R.96, at 5, PageID #1580. The district court reached this conclusion because "Dr. Mills did not visit plaintiff's farm. Dr. Mills bases his opinions on what Larry Fish told him . . . .

What Larry Fish told Dr. Mills is now being offered by plaintiff to establish the truth of the matter asserted—that the plaintiff suffered the alleged harm." *Id.* at 6, PageID #1581. The district court did not implicitly or explicitly discount the function of Dr. Mills's expert testimony or suggest that his opinion, including the assumptions about damages he acquired from his conversations with Mr. Fish, would not be submitted to the jury. The court merely noted, consistent with the Federal Rules of Evidence, that Fish's statements could not be introduced to the jury, through Dr. Mills's testimony, as proof of the alleged harm. This conclusion was correct.

It is axiomatic that a hearsay statement is an out of court statement introduced for the truth of the matter asserted. Fed. R. Evid. 801. As the district court noted, Larry Fish's statements to Dr. Mills fit this definition precisely. Although Dr. Mills was permitted by FRE 703 to use this hearsay evidence to reach his opinion, the evidence cannot be used for the truth of the matter, and the district court correctly decided not to consider it for that purpose. *See* Fed. R. Evid. 703; *Matter of James Wilson Assocs.*, 965 F.2d 160, 172–73 (7th Cir. 1992) ("If for example the expert witness (call him A) bases his opinion in part on a fact (call it X) that the party's lawyer told him, the lawyer cannot in closing argument tell the jury, 'See, we proved X through our expert witness, A.'").

Nor did the district court disregard reliable lay evidence of plaintiff's harm and damages, as Fish Farms alleges. Fish Farms' brief argument on this subject reveals that it can submit no proof that the tomato plants were suffering from excessive vegetative growth and flower abortion beyond Mr. Fish's hearsay statements introduced through Dr. Mills. Although Fish Farms points to testing

and replacement costs as damages, these expenses are not recoverable without any proof that the

tomato plants were harmed by Winston-Weaver's fertilizer in the manner alleged in the complaint.

For the foregoing reasons, we affirm the judgment of the district court.